# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**  )<br>)<br>       **Plaintiff,**  )<br>)<br>v.  )<br>)<br>**RUBEN GARCIA,**  )<br>a/k/a Ruben Hernandez,  )<br>a/k/a Erick Garcia,  )<br>a/k/a Erick Contreras,  )<br>a/k/a Eddie Contreras,  )<br>**LEONEL LEDEZMA,**  )<br>a/k/a Leo,  )<br>**OSCAR PALACIOS,**  )<br>a/k/a Oscar Castorena,  )<br>**JUAN ANTONIO MARTINEZ,**  )<br>a/k/a Tono,  )<br>a/k/a Juan Antonio Martinez Ortiz,  )<br>**GILBERTO RIVERA,**  )<br>a/k/a Gilberto Perea,  )<br>a/k/a Cali,  )<br>**ALEJANDRO ROMERO,**  )<br>a/k/a Alejandra Zarate,  )<br>a/k/a Alejandra Suaste,  )<br>**RUBI GARCIA,**  )<br>a/k/a Maria Salas,  )<br>a/k/a Rubi Hernandez,  )<br>a/k/a Rubi Hernandez Garcia,  )<br>**MAURO BANUELOS,**  )<br>a/k/a Mauro,  )<br>a/k/a Mauricio Banuelos,  )<br>)<br>       **Defendants.**  ) | Case No. 09-CR-0138-CVE |

**OPINION AND ORDER**

Now before the Court is plaintiff's Supplemental to Motion to Declare Case a Complex Matter (Dkt. # 97).[1] The government asks the Court to declare this a complex case and set this case for a jury trial in August 2010, and defendants do not oppose the government's motion. The Court held a hearing to consider the government's motion and to determine the need for and length of any continuance under the Speedy Trial Act, 18 U.S.C. § 3161.

On October 19, 2009, a criminal complaint was filed charging defendants Ruben Garcia, Mauricio Banuelos, Alejandra Romero, Rubi Garcia, Leonel Ledezma, Juan Antonio Martinez, Oscar Palacios, and Gilberto Rivera with conspiracy to possess with intent to distribute and to distribute cocaine and methamphetamine in violation of 21 U.S.C. § 846. Dkt. # 1. Warrants were issued for defendants' arrests, and all defendants, except for Ruben Garcia, were taken into custody and made their initial appearances in this district on October 21, 2009.[2] On November 2, 2009, the grand jury returned an indictment charging defendants with conspiracy to possess with intent to distribute and distribute cocaine and methamphetamine in violation of § 846.

Each defendant made an initial appearance in this district no later than November 10, 2009. Defendants' speedy trial clock began to run on November 10, 2009 and, under the Speedy Trial Act, defendants were entitled to a jury trial within 70 days. See 18 U.S.C. § 3161(c)(1). Plaintiff filed

---

[1] There is no other pending motion to declare this a complex case and the Court will treat the motion to supplement as an independent motion for complex case designation. The procedural history of this case, including the government's unopposed prior motion to declare this a complex case, is described below.

[2] Defendant Ruben Garcia was arrested in the Northern District of Texas and transferred to this district under Fed. R. Crim. P. 5. He made his initial appearance in this district on November 10, 2009. Dkt. # 75.

an unopposed motion to declare this a complex case under the Speedy Trial Act and to extend defendants' deadline to file pretrial motions until at least May 2010. Dkt. # 83. Based on the earlier motion, it appears that the government was requesting a jury trial date in July or August 2010. The government stated that it had:

> advised the attorneys for the defendants that the initial set of discovery materials in this matter will consist of approximately 3000 pages of documents, and includes Title III wiretap affidavits, applications, orders, and related reports regarding three court-authorized wiretaps on three separate cellular telephones that collectively involve hundreds of recorded conversations that are in the Spanish language. The Government anticipates additional discovery materials that will include "line sheets" and transcripts of the Title III wiretaps and other reports and documents, and will be in excess of 1000 pages. Further, as this is an ongoing investigation, other materials will be turned over in discovery, including Grand Jury Transcripts and other investigative documents as they become available.

Id. at 3. The district judge then assigned to the case found that defense counsel would require more than 70 days to prepare for trial, and granted the unopposed motion. Dkt. # 84. He determined that counsel for each defendant would require an "extraordinary amount of time" to review documents and prepare for trial, and that this outweighed defendants' and the public's interest in a speedy trial. He entered the government's proposed order, which provides that:

> the deadlines for filing defendants' pretrial motions should be continued or delayed for a period of six months, or until June 1, 2010. The Government's response deadline will be correspondingly extended until thirty days after the defendants' motion deadline, or July 1, 2010. After the Court rules on the defendants' motions, the parties will have an additional thirty days to respond to the Court's rulings and supplement the record prior to pretrial conference and motions hearing. The period of delay occasioned by these continuances should be excluded from the Speedy Trial calculation pursuant to 18 U.S.C. § 3161(h)(7)(A).

Id. at 4. The same day, the judge entered a scheduling order setting the case for jury trial on August 16, 2010. Dkt. # 85.

The case was reassigned to the undersigned on January 12, 2010. Dkt. # 92. The undersigned reviewed the prior unopposed motion to declare this a complex case and the order granting the motion, which failed to contain detailed findings and state with specificity the period excluded from the speedy trial calculation in a manner that satisfies existing Tenth Circuit precedent interpreting the Speedy Trial Act. The Court set this case for a status/scheduling conference on January 19, 2010, and the government filed a supplemental motion (Dkt. # 97) to declare this matter a complex case.

The government asserts that counsel for the government and defendants require a significant amount of time to prepare for trial and requests a continuance under § 3161(h)(7)(A) of the Speedy Trial Act. Dkt. # 97, at 6. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute permits a court to consider whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). A court may also consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act.]" Id. at § 3161(h)(7)(B)(ii). The Tenth Circuit has been clear that an ends of justice

continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273. The parties must present evidence explaining why the specific amount of time requested is necessary to prepare for trial, and the district court must clearly specify what time is being excluded from the speedy trial calculation. Id. at 1271.

The Court has reviewed the government's motion and supplemental motion to declare this a complex case and has considered the evidence presented at the hearing, and finds that the government's supplemental motion to declare this a complex case should be granted. Julia Lynn O'Connell, counsel for defendant Ruben Garcia, states that she received 15 compact discs containing approximately 5,400 documents as the initial discovery in this case, and more discovery will likely be produced as the government's investigation continues. Based on representations by counsel for the government, she also anticipates receiving over 1,000 pages of transcripts of recorded conversations, and these recorded conversations are primarily in Spanish. The government has offered to produce translations of the recorded conversations, but O'Connell reasonably believes that

5

she should obtain her own translations to ensure the accuracy of the government's transcripts. She states that she would need a minimum of four to six months to review discovery, draft pretrial motions, and advise her client about his options, and she would require some additional time to prepare for trial.

Counsel for the other defendants agreed with O'Connell's statements and explained some additional difficulties they had encountered when reviewing the discovery materials produced by the government. Defendants Ledezma, Palacios, Romero, and Rubi Garcia do not speak English, and their attorneys must bring an interpreter when meeting with these defendants. This can be a slow process and language barriers have delayed pretrial preparation for defense counsel. Defendants' attorneys state that they are having difficulties searching the documents for information relating directly to their clients and they must review each document page-by-page in PDF format on the computer. Counsel for the government has agreed to meet with his technical analyst to find a way to make the discovery searchable, and he agreed that his analyst could meet with defense counsel to provide some assistance to expedite document review. Even with some technical assistance, counsel for the defendants reasonably anticipate that it will take several months to review the documents produced by the government and to meet with their clients to discuss the government's case against them. The Court asked each defendant on the record if he or she would waive the right to a speedy trial, and defendants agreed to waive their right to a trial within the time limitations imposed by the Speedy Trial Act.

Counsel for the government and defendants also described their pre-existing commitments in other cases, and each attorney has other pending matters proceeding along with this case. In particular, counsel for defendant Martinez, Stephen Knorr, is involved in a complex white collar

criminal case in which the government has produced over 800,000 documents, and it is uncertain when that case will be set for trial. The Court finds that it would not be reasonable to expect any attorney involved in this case to devote his or her full attention to this case to the exclusion of other cases, and each attorney must have sufficient time to prepare for trial in this case and to fully and competently represent other clients.

The Court must also consider the public's interest in a speedy trial, because the public has an independent interest in the prompt prosecution of criminal matters, even apart from the defendants' interest in receiving a speedy trial. Zedner v. United States, 547 U.S. 489, 501 (2006). The Court finds that strict compliance with the Speedy Trial Act's 70 day deadline would subvert the public's interest in a fair trial of this case. While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against the defendants' interest of having adequate time to prepare for trial. In addition, the public has an interest in not rushing defendants to trial without ensuring accurate translation of all discovery, and adequate time to review that discovery with counsel. The parties have shown that this case involves involve a substantial amount of discovery, and the format in which the government has provided the discovery will render review of the discovery materials a time-consuming process. At least four of the defendants do not speak fluent English, and much of the discovery will have to be translated from Spanish to English. Balancing the public's interest in a speedy trial against the complexities posed by this case, the Court finds that the ends of justice in granting a continuance outweigh the public's interest in a speedy trial.

The parties have requested a jury trial date no sooner than August 2010, and the Court finds that this request is reasonable. The parties have shown that, with diligent pretrial preparation, they

will need four to six months to review discovery and draft pretrial motions, and they will also need some additional time to prepare for trial. The Court will set this case for trial on August 16, 2010. However, the government's request to exclude the time from November 2, 2009 to August 16, 2010 from the speedy trial calculation is denied. While a district court may memorialize prior findings concerning the exclusion of time under the Speedy Trial Act in a subsequent written order, the actual findings must be made contemporaneously with the grant of a continuance and findings may not be made after the fact. United States v. Spring, 80 F.3d 1450, 1456 (10th Cir. 1996). In this case, the Court may not simply supplement the findings contained in the November 2, 2009 order (Dkt. # 84) with additional explanation, because that order did not make certain findings concerning the need for and length of a continuance. Therefore, the Court will exclude the time from the present date, January 19, 2010, to the jury trial date, August 16, 2010, from the speedy trial calculation.

**IT IS THEREFORE ORDERED** that plaintiff's Supplemental to Motion to Declare Case a Complex Matter (Dkt. # 97) is **granted**.

**IT IS FURTHER ORDERED** that following scheduling order is hereby entered:

| | |
|---|---|
| Motions due: | June 1, 2010 |
| Responses due: | July 1, 2010 |
| PT/CP/Motions Hearing: | August 3, 2010 at 1:30 p.m. |
| Voir dire, jury instructions, and trial briefs due: | August 9, 2010 |
| Jury Trial: | August 16, 2010 at 9:30 a.m. |

**IT IS FURTHER ORDERED that the time between January 19, 2010 and August 16, 2010 is excludable pursuant to 18 U.S.C. § 3161(h)(7).**

**DATED** this 19th day of January, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT